IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DONELL RICE, #2033891, | § § § § § | |
| Plaintiff, | § | |
| v. | § | No. 3:09-cv-02059-N (BT) |
| CARRIE WRIGHT, et al. | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff and Texas prisoner Reginald Donell Rice filed this 42 U.S.C. § 1983 action in 2009. It is one of several that he filed related to allegations that the Commissioner of the Texas Department of Family and Protective Services and other agency employees violated his constitutional rights in connection with the death of his infant daughter. *See Rice v. Cockerell*, et al., 3:07-cv-2025-D (N.D. Tex. Dec. 4, 2007); *Rice v. Cockell*, 3:08-cv-1620-L (N.D. Tex. Sept. 15, 2008); *Rice v. Cockell*, 3:10-cv-0741-O (N.D. Tex. Apr. 12, 2010). The Court dismissed this case a few months after Rice filed it because he did not pay the filing fee and is barred from proceeding *in forma pauperis* (IFP) under 28 U.S.C. § 1915(g).[1]

---

[1] Section 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief

More than a decade later on June 23, 2023, Rice filed a motion to set aside the judgment under Federal Rule of Civil Procedure 60(b). ECF No. 10. But the Court determined that Rice meant to file the Rule 60(b) motion in one of his other cases, 3:07-cv-2025-D, so it ordered that the motion be refiled. ECF No. 12.

In response, Rice filed a "Motion to Vacate and Correct Magistrate Order to Litigate Under Civil 3:07-cv-2025-D" (ECF No. 14), as well as another motion for relief from the judgment under Rule 60(b) (ECF No. 15). The District Judge referred both motions to the undersigned Magistrate Judge for findings and a recommendation under 28 U.S.C. § 636(b). ECF No. 16. As explained below, the Court should deny both of Rice's motions.

## Legal Standards and Analysis

Regarding the motion challenging the Court's order to refile his initial Rule 60(b) motion, Rice provides no authority or persuasive argument to show that the Court erred. Rather, as the Court noted in its order, the motion should have been filed in the 3:07-cv-2025-D case. The motion identified case number 3:07-cv-2025-D as "the above civil action," and it referred to several incidents from that case. *See* ECF No. 12 at 1, fn. 1 (detailing the incidents, including Rice's court-appointed counsel allegedly manipulating him into voluntarily dismissing his case and filing it in the Eastern District of Texas). Given its obligation to liberally construe the filings of *pro se* pleadings, the Court's order to refile the motion was

---

may be granted, unless the prisoner is under imminent danger of serious physical injury."

2

reasonable. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Windland v. Quarterman,* 578 F.3d 314, 316 (5th Cir. 2009); *see also Sheridan v. United States,* 214 F. App'x 857, 859 (10th Cir. 2007) (holding that district court erred by construing *pro se* plaintiff's "complaint strictly according to its caption" instead of looking to body of complaint). Furthermore, Rice did not suffer any prejudice because he subsequently filed another Rule 60(b) motion in this case, the substantive merits of which the Court addresses below. Accordingly, the Court should deny Rice's "Motion to Vacate and Correct Magistrate Order to Litigate Under Civil 3:07-cv-2025-D" (ECF No. 14).

As to the Rule 60(b) motion (ECF No. 15), Rule 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But "relief under Rule 60(b) is considered an extraordinary remedy," and "the desire for a judicial process that is predictable mandates caution against reopening judgments." *Carter v. Fenner,* 136 F.3d 1000, 1007 (5th Cir. 1998) (citations omitted). "The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests with the discretion of the court." *Williams v. Sake Hibachi Sushi &*

3

*Bar, Inc.*, 2020 WL 1862559, at *2 (N.D. Tex. Apr. 14, 2020) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam)).

Rice does not show that any of the Rule 60(b) requirements apply. He instead references events that happened in another case in which he was granted IFP status in 2008 (ECF No. 15 at 1), and complains that his attorneys in the 07-cv-2025-D case fraudulently advised him to refile the case in the Eastern District of Texas, which lacked subject matter jurisdiction. *See* ECF No. 15 at 1. But, again, none of that happened in this case. Rice does not contest the fact that, prior to filing this action, he accumulated three strikes under Section 1915(g) that prevented him from proceeding IFP. Nor does he contest the fact that he did not pay the filing fee. Rice therefore fails to show that the Court erred in dismissing this action or any other basis for relief under Rule 60(b), and the Court should deny his motion for relief from judgment (ECF No. 15).

## Recommendation

The Court should **DENY** Rice's "Motion to Vacate and Correct Magistrate Order to Litigate Under Civil 3:07-cv-2025-D" (ECF No. 14) and motion for relief from judgment under Rule 60(b) (ECF No. 15).

SO RECOMMENDED.

June 13, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

5